SUMMARY ORDER
Defendant-Appellant Baldemiro Lopez (Lopez) appeals from a judgment of conviction, following a bench trial, for the crime of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Lopez claims that the district court erred when it denied his motion to suppress evidence. We assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision. This Court reviews the district court’s factual findings on a motion to suppress for clear error. See United States v. Singh, 415 F.3d 288, 293 (2d Cir.2005). We analyze de novo the ultimate determination of reasonable suspicion or probable cause. See United States v. Elmore, 482 F.3d 172, 178 (2d Cir.2007).
1. Reasonable Suspicion to Stop
In Terry v. Ohio, the United States Supreme Court held that a police officer may conduct a carefully limited search of outer clothing under certain circumstances, saying:
where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that *67 the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter selves to dispel his reasonable fear for his own or others’ safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.
392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). As the first step in our analysis we consider whether, when Sergeant Kevin Crimmins (Crimmins) grabbed Lopez’s right arm, Crimmins was conducting a valid Terry stop based on a reasonable suspicion to believe that criminal activity had occurred or was about to occur. See United States v. Tehrani, 49 F.3d 54, 58 (2d Cir.1995).
A valid Terry stop must be “justified at its inception,” Terry, 392 U.S. at 20, 88 S.Ct. 1868, and there must be a “particularized and objective basis” for suspicion of legal wrongdoing under the “totality of the circumstances.” United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). “The standard for determining whether a particular stop was justified by reasonable suspicion is an objective one, not dependent on the intentions or motivations of the particular detaining officers.” United States v. Glover, 957 F.2d 1004, 1010 (2d Cir.1992) (citations omitted). Whether there was reasonable suspicion to support a stop is a mixed question of law and fact that we review de novo. See Singh, 415 F.3d at 293.
Central to this appeal is New York City Administrative Code § 10 — 125(b), which forbids drinking alcohol in public or possessing alcohol with the intention of drinking it in public. See N.Y.C. Admin. Code § 10-125(b). In this case, as the district court stated, officers present at the scene testified that they saw Lopez drinking outside a bar at 4:00 AM, that the liquid in Lopez’s cup appeared to be beer, and that Lopez was unsteady on his feet. As the officers approached Lopez, furthermore, they smelled alcohol on his breath. There was thus reasonable suspicion to believe that Lopez was consuming alcohol in the street in violation of New York’s public consumption law.
Lopez argues that the officers should have done more to investigate whether the public consumption law was being violated. He says, for example, that the officers did not smell the liquid contained in the cup, ask Lopez what was in the cup, or analyze the cup’s contents. The observations made by the police at the scene, however, formed a particularized and objective basis for suspicion that Lopez was violating New York’s public consumption law. Once that reasonable suspicion was established, the police had the authority to conduct the stop without undertaking additional investigative measures. The stop was proper under Terry and its progeny.
2. Reasonable Suspicion to Frisk
We next address whether Crimmins’s frisk of Lopez was proper under the circumstances. “[T]o proceed from a stop to a frisk, the police officer must reasonably suspect that the person stopped is armed and dangerous.” Arizona v. Johnson, - U.S. -, 129 S.Ct. 781, 784, 172 L.Ed.2d 694 (2009). When Lopez saw Crimmins approaching him, Lopez transferred the cup from his right to his left hand and dropped his right hand to his right side. Based on these facts, it was reasonable for Crimmins to suspect that *68 Lopez was carrying a weapon. When Crimmins then grabbed Lopez’s right arm and felt a hard object in Lopez’s right front pocket, it was proper for Crimmins to reach into Lopez’s pocket to investigate this suspicion.[1]
Lopez argues that there was no stop and frisk cognizable under Terry in this case because the officers immediately arrested Lopez and did not engage in a limited investigation. In response, the government argues that, “[t]his argument misses the point. The reason the officers immediately arrested Lopez is because Sergeant Crimmins recovered a firearm.” We agree. When a Terry stop is justified, it is not invalidated by the fact that the stop and frisk immediately yields results that provide the basis for a valid arrest.[2]
3. Conclusion
For the foregoing reasons, the judgment of conviction of the United States District Court for the Southern District of New York is AFFIRMED.

. We note that we do not consider the evidence that the New York City Police Department had received a tip from a confidential informant about Lopez carrying a gun, because the government told the district court that it would not seek to claim that this information provided a basis for Lopez’s stop and arrest.

. Because we hold that there was reasonable suspicion to stop and frisk Lopez, and because the frisk resulted in the seizure of the firearm that was a basis for Lopez's arrest, we do not address whether there was probable cause to arrest Lopez before the lime that the officer discovered the firearm.